UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARKWEN WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 25-CV-0280-CVE-MTS |
| ) | |
| UNITED STATES DEPARTMENT OF STATE, ) | |
| Authentication,[1] ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court are plaintiff's[2] pro se complaint (Dkt. # 1), motion for leave to proceed in forma pauperis (Dkt. # 2), and "[m]otion for [d]efault in [d]ishonor of [p]resentment" against defendant United States Department of State (Department of State) (Dkt. # 5). In reliance upon the representations and information set forth in plaintiff's motion to proceed in forma pauperis, the

---

[1] Plaintiff names defendant as both "UNITED STATES DEPARTMENT OF STATE: AUTHENTICATION" and "United States Corporation." Dkt. # 1, at 1. Plaintiff alleges that defendant "is a citizen of District of Columbia and is employed as Office of Authentications/AUTHENTICATION." Id. Defendant, as named by plaintiff, does not exist. Therefore, the Court construes plaintiff's complaint as attempting to state a claim against the United States Department of State. Further, while plaintiff refers to defendant as "Party 2," plaintiff sues only a single defendant in this action. Id.

[2] In plaintiff's complaint, he lists the plaintiff as:

>   In God Be; Trust
>   I do not wish to contract with you
>   I do not consent/accept being surety for these proceedings
>   ucc1-308 without prejudice
>   Markwen Johnson/Williams [Agent/Beneficiary]
>   Sui Juris Party 1

Dkt. # 1, at 1. A pro se litigant cannot bring an action on behalf of others in federal court. 28 U.S.C. § 1654; Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000)). Therefore, the Court construes the complaint as raising claims only on plaintiff Markwen Williams' own behalf.

Court finds that the motion should be granted. Plaintiff is permitted to file and maintain this action to conclusion without prepayment of fees and costs. 28 U.S.C. § 1915(a). However, because authorization to proceed in forma pauperis excuses only prepayment of the fee, plaintiff remains obligated to pay the full $350 filing fee when he is able to do so. See Brown v. Eppler, 725 F.3d 1221, 1230-31 (10th Cir. 2013) (noting that authorization to proceed in forma pauperis only excuses prepayment of the filing fee). Because the Court authorizes plaintiff to proceed without prepayment, he is not required to pay the $55 administrative fee.

On June 5, 2025, plaintiff, who is an "Oklahoma, National/Citizen-Sui Jur who presently sojourns at c/o A.K.A. . . . . Oklahoma republic . . . [,]" filed a complaint[3] alleging that defendant "Defaulted in Dishonor of Presentment thereby entered in default judgment pursuant to Federal Rules of Civil Procedure: Rule: 55(a)(b); 54(c)[.]" Dkt. # 1, at 1. He claims that, "[o]n Feburary [sic] 16, 2023[,] [he] sent [] three state authenticated of live birth to [defendant] to be authenticated with $20 [sic] fee . . . ." Id. at 1-2. He further alleges that:

> [O]n [J]une 2, 2023[,] . . . a representative for the office of AUTHENTICATION called stating I need to send $40 more dollars for the other two copies because they are regarded as separate documents since they were authenticated by my state I sojourn, I stated according to the website that is not true authenticate what you can and send it back immediately cause I need them for business she stated it will be awhile cause it has to go through a chain of command first. After some time passed without any com [sic] ence . . . or sign of property returned I called to check status only to be told that my property was returned June 3, 2023 via self addressed envelope . . . .

---

[3]    In plaintiff's complaint, he included: a certification of execution of irrevocable, true, pure irrevocable trust organization agreement for the "In God Be Trust;" and a list of trust property, including "trademarked" versions of his name, his appearance and likeness, "hair, [] teeth [including molds, cast, images, extractions, and molecules, [] fingerprints, hand prints foot prints and any other body part print." Dkt. # 1, at 5-7. Additionally, plaintiff filed under seal copies of his birth certificate (Dkt. # 3) and his application for a social security card (Dkt. # 4).

<u>Id.</u> at 2. Therefore, he claims that:

> I requested proof in writing of claim whereby [defendant] refused to provide so I sent via . . . certified mail a Notice of Intent with the opportunity to "settle and cure" on November 12, 2024 also notify(ed) [sic] defendants that failure, refusal or neglect to respond accordingly in substance would result in a default judgement [sic] against defendant and in favor of plaintiff with time for an answer due by December 2, 2024 which went unanswered at the time of expiration.

<u>Id.</u> at 2-3. Plaintiff then alleges that "I then sent a notice of default on December 03, 2024 then a demand for payment on December 23, 2024 then a final demand for payment on January 29, 2025 then a last final demand for payment on March 07, 2025 with no response up to the date of this complaint[.]" <u>Id.</u> at 3.

Plaintiff requests relief in the form of "[t]he value of all associated property plus interest; financial disadvantage, emotional pain and suffering; or returned/replaced documents with a new client ID# to void previous[.]" <u>Id.</u> at 2. He further claims "that I never received, commercial and personal damages [any and all unauthorized financial negotiations, sureties, proceedings, identity theft; activity, negative effects and inconveneinces [sic] ]; I.R.S. identity theft protection pin number; $1,500,000,000.00 . . . in accordance with the default in dishonor of presentment." <u>Id.</u> at 4. Plaintiff explains that:

> Keep in mind any and all monetary relief(s) are not to be construed as a replacement or some form of equivalency to the documents/property in question/issue, only a representation of the present damage and risk of future damages from the theft/lost [sic] of said documents/property which are also known and/or can be used as a negotiable instrument with a "Real" "currency" value north of $500,000,000.00 . . . a piece plus intrest [sic] ! Given the fact that plaintiff/Affiant has now authenticated documents on the state and federal level access to the estate account is easily gained since no physical description is provided nor photo identification. required In short "The Risk Remains At Large." so long as documents are not found and returned/replaced!

<u>Id.</u> at 4.

Plaintiff has obtained leave to proceed in forma pauperis, and the requirements of 28 U.S.C. § 1915 are applicable. See Lister v. Dep't of Treasury, 408 F.3d 1309, 1311 (10th Cir. 2005). Section 1915(e)(2) requires a district court to dismiss a case if at any time the court determines that "the action . . . (i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted . . . ." A court reviewing a pro se plaintiff's complaint must broadly construe the complaint's allegations to determine if the plaintiff can state a claim upon which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The court's generous construction of a pro se plaintiff's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if [a] court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." Id. A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Bell Atl. Corp. v.Twombly, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1175 (10th Cir. 1997).

Liberally construing plaintiff's complaint, plaintiff alleges that: he sent three "state authenticated" birth certificates with a $20 fee to defendant for authentication; defendant's

representative informed plaintiff that defendant required an additional $40 fee to authenticate "the other two copies[;]" plaintiff requested that defendant authenticate "what you can" and "immediately send it back[;]" plaintiff never received his authenticated certificates though defendant claims it mailed them; and defendant did not respond to plaintiff's demands for payment.[4] Dkt. # 1, at 1-2, 3. Based on these alleged facts, plaintiff claims that he is entitled to, inter alia, "returned/replaced documents" and $1.5 billion, and that the Court has jurisdiction of his claim pursuant to "Federal Rule of Civil Procedure: Rule; 54(c); Rule: 55 (a)(b); U.C.C. 1-103.b[.]" Id. at 1, 2, 4. Therefore, the Court construes plaintiff's complaint as attempting to raise claims under FED. R. CIV. P. 54(c), 55(a), and 55(b), and OKLA. STAT. tit. 12A, § 1-103(b).[5] Id. at 1.

Plaintiff cannot state a claim under the Federal Rules of Civil Procedure or § 1-103(b). First, "the Federal Rules of Civil Procedure do not give rise to private rights of action." Robertson v. Cath. Cmty. Servs. of W. Washington, No. 22-35965, 2023 WL 3597383, at *1 (9th Cir. May 23, 2023) (unpublished). Second, § 1-103(b)[6] is merely a general provision that only "applies to a transaction to the extent that it is governed by another article of the Uniform Commercial Code [(UCC)]." See OKLA. STAT. tit. 12A, § 1-102. Further, the Court has not found any authority supporting plaintiff's claim that this section, which provides that "certain principles of contract law apply unless displaced

---

[4] The Court notes that, generally, individuals may request a new copy of their birth certificate from the state agency that originally issued the birth certificate.

[5] Oklahoma has adopted the Uniform Commercial Code. OKLA. STAT. tit. 12A, § 1-101; Bradford v. Plains Cotton Co-op. Ass'n, 539 F.2d 1249, 1253 (10th Cir. 1976).

[6] Section 1-103(b) provides that, "[u]nless displaced by the particular provisions of the [UCC], the principles of law and equity, including the law merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, or other validating or invalidating cause shall supplement its provisions."

by particular provisions of the Code[,]" creates a cause of action. See <u>Bradford v. Plains Cotton Co-op. Ass'n</u>, 539 F.2d 1249, 1253 (10th Cir. 1976) (summarizing § 1-103(b)). Thus, the Court dismisses plaintiff's complaint without prejudice because plaintiff fails to state a claim upon which relief can be granted.[7]

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed <u>in forma pauperis</u> (Dkt. # 2) is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed without prejudice**. A separate judgment is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for default in dishonor of presentment (Dkt. # 5) is **moot**.

**DATED** this 11th day of June, 2025.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[7] As plaintiff fails to state a claim, the Court cannot discern whether defendant waived its sovereign immunity and, thus, cannot determine whether the Court has subject matter jurisdiction of plaintiff's purported claim. See <u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit.'") (internal citations omitted).